| | |
|---|---|
| ORTIZ & ORTIZ, L.L.P.<br>32-72 Steinway Street, Suite 402<br>Astoria, New York 11103<br>Norma E. Ortiz, Esq.<br>Tel. (718) 522-1117<br>Fax (718) 596-1302<br>email@ortizandortiz.com | **Hearing Date: August 30, 2017**<br>**Hearing Time: 10:00 a.m.** |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
In re                                                                    Chapter 11

PRIMA PASTA & CAFE, INC.,                            Case No. 17-40760-ESS

                                          Debtor.
----------------------------------------------------------X

### NOTICE OF HEARING ON DEBTOR'S MOTION FOR ENTRY OF ORDER EXTENDING ITS EXCLUSIVE PERIOD TO FILE AND SOLICIT ACCEPTANCES FOR A PLAN OF REORGANIZATION

**PLEASE TAKE NOTICE**, that upon the annexed motion dated August 7, 2017 (the "Motion"), of Prima Pasta & Cafe, Inc. (the "Debtor"), the undersigned will move before the Honorable Elizabeth S. Stong, United States Bankruptcy Judge, in the United States Bankruptcy Court on the 30th day of August, 2017 (the "Hearing Date"), at 10:00 a.m., or as soon thereafter as counsel may be heard, for the entry of an order pursuant to Section 1121 of Title 11 of the United States Code (the "Bankruptcy Code"), and Rule 9006 of the Federal Rules of Bankruptcy Procedure, extending the Debtor's exclusive period to file and solicit acceptances of a plan of reorganization. The Debtor may request such other and further relief as is just and equitable at the hearing.

**PLEASE TAKE FURTHER NOTICE**, that you need not appear at the aforesaid hearing if you do not object to the relief requested in the Motion.

**PLEASE TAKE FURTHER NOTICE**, that any objections to the relief requested by the Debtor must be in writing, conform to the requirements of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Rules of the United States Bankruptcy Court for the Eastern District of New York, and must be filed and served no later than **seven (7) days prior to the hearing date** (the "Objection Date"). In order to file an objection with the court, you must file the objection electronically at [www.nyeb.uscourts.gov](www.nyeb.uscourts.gov). in portable document format and deliver a copy of the document to the Clerk of the Court at 271-C Cadman Plaza East, Brooklyn, New York 11201, for the Chambers of the Hon. Elizabeth S. Stong.  A copy of the objection must also be delivered to the undersigned in a manner calculated to ensure receipt no later than 4:30 p.m. on the Objection Date. IF YOU DO NOT FILE AND SERVE YOUR OBJECTION BY THE OBJECTION DEADLINE, THE COURT MAY NOT CONSIDER THE OBJECTION.

Dated:  Astoria, New York
            August 7, 2017

                                        */s/Norma E. Ortiz*
                                        Norma E. Ortiz, Esq.
                                        Martha J. de Jesus, Esq.
                                        Ortiz & Ortiz, L.L.P.
                                        32-72 Steinway Street, Ste. 402
                                        Astoria, New York  11103
                                        Tel. (718) 522-1117
                                        *Attorneys for the Debtor*

ORTIZ & ORTIZ, L.L.P.
32-72 Steinway Street, Ste. 402
Astoria, New York  11103
Norma E. Ortiz
Martha J. de Jesus
Tel. (718) 522-1117
Fax (718) 596-1302
email@ortizandortiz.com
*Attorneys for the Debtor*


UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re                                                                    Chapter 11

PRIMA PASTA & CAFE, INC.,                             Case No. 17-40760-ESS

                              Debtor.
---------------------------------------------------------x

**DEBTOR'S MOTION FOR ENTRY OF ORDER EXTENDING ITS EXCLUSIVE PERIOD TO FILE AND SOLICIT ACCEPTANCES FOR A PLAN OF REORGANIZATION**

TO THE HONORABLE ELIZABETH S. STONG,
UNITED STATES BANKRUPTCY JUDGE:

  Prima Pasta & Cafe, Inc. (the "Debtor"), by its attorney Ortiz & Ortiz, L.L.P., respectfully represents as follows:

**BACKGROUND**

  1. The Debtor filed a voluntary petition on February 21, 2017 (the "Petition Date"). The Debtor has remained in possession pursuant to 11 U.S.C. § 1107.  No unsecured creditors' committee has been appointed in this case.

  2. The Debtor operates a restaurant in Howard Beach in Queens County, and is a long-standing staple in its neighborhood.  It filed its petition to stop a judgment creditor from closing the business and ceasing its assets.  The Debtor believes it generates sufficient income to

fund a meaningful plan to pay its creditors.

3. On June 7, 2017, the Court approved the Debtor's Motion to Extend the Time to Assume or Reject its commercial lease. The deadline for the Debtor to assume or reject its lease under Bankruptcy Code Section 356(d)(4) is now September 19, 2017, (the "Lease Assumption Period").

4. The Debtor has filed four monthly operating reports in this case. The Debtor's reports show increasing gross income and the Debtor believes that its June and July reports will show positive net income. After these reports are completed, the Debtor expects to be able to project its future income and propose a plan of reorganization.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this proceeding and this motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

6. The relief sought in this motion is based primarily upon Bankruptcy Code Section 1121(d) and Bankruptcy Rule 9006(b)(1).

## RELIEF REQUESTED

7. The Debtor seeks the entry of an order pursuant to Bankruptcy Code Section 1121(d) extending the exclusive period within which only it may file a plan and solicit acceptances thereto through and including November 20, 2017, and January 19, 2018, respectively. Bankruptcy Code Section 1121(b) provides a small business debtor with the exclusive right to file a Chapter 11 plan of reorganization during the first 180 days after the date of the order for relief (the "Exclusivity Period"). In this case, the Exclusivity Period expires on

August 21, 2017.

8. A debtor's request to extend this deadline is frequently granted in order to permit a debtor adequate time to develop a plan of reorganization. The courts determine the propriety of such a request upon the facts and circumstance of each particular case. This is because Bankruptcy Code Section 1121 permits such an extension of time for "cause," but does not define the term "cause." As a result, the courts have fashioned a list of factors often relied upon when determining whether cause exists to extend a debtor's exclusivity period.

9. To determine whether the facts and circumstances of a case support a finding of cause, the courts often look to the following non-exclusive factors:

- the size and complexity of the case;
- the necessity for sufficient time to permit the debtor to negotiate a plan of reorganization and prepare adequate information;
- the existence of good faith progress toward reorganization;
- the fact that the debtor is paying its bills as they become due;
- whether the debtor has demonstrated reasonable prospects for filing a viable plan;
- whether the debtor has made progress in negotiations with its creditors;
- the amount of time which has elapsed in the case;
- whether the debtor is seeking an extension of exclusivity in order to pressure creditors to submit to the debtor's reorganization demands; and
- whether an unresolved contingency exists.

E.g., In re Adelphia Communications Corp., 352 B.R. 578, 587 (Bankr. S.D.N.Y. 2006); In re

221-06 Merrick Blvd. Assocs. LLC, 2010 Bankr. LEXIS 4431, *1, 2010 WL 5018265 (Bankr. E.D.N.Y. Dec. 3, 2010); In re Borders Group, Inc., 460 B.R. 818, 821-822 (Bankr. S.D.N.Y. 2011); In re Gibson & Cushman Dredging Corp., 101 B.R. 405, 409 (E.D.N.Y. 1989).

10. In this case, the Debtor has been working on gathering the financial information needed to formulate a plan of reorganization by preparing its operating reports. In the meantime, the Debtor successfully extended its Lease Assumption Period to allow it the time to gather these financial records before determining whether to assume or reject its commercial lease. Due to the nature of the Debtor's business, it is essential that the Debtor and its accountants have the information necessary to compile an accurate cash flow projection to demonstrate that any plan proposed is feasible. The Debtor needs additional time to ensure it has adequately improved its financial condition and can proposed a plan of reorganization.

11. A review of the circumstances of this case, in the light of the factors enumerated by the courts, supports a finding that cause exists to extend the exclusive period. Until the Debtor has proven its ability to generate sufficient income, it cannot file a plan of reorganization and confirm it withing the time limits of Bankruptcy Section 1129(e).

12. Additionally, the Debtor is not attempting to utilize the exclusive period to pressure its creditors in any way: it simply needs more time to ensure its ability to fund a plan that will yield the best recovery for its creditors. The Debtor has tried to comply with its duties as a debtor-in-possession and has timely prosecuted its case. It believes it has made progress with filing its operating reports, and improving the efficiency of its operations.

13. The extension of time requested is less than the amount of time permitted to a small business debtor by Section 1121. The Debtor's request for a 90 day extension of its

Exclusive Period is reasonable under these circumstances and should enable the Debtor to craft a reorganization plan within a year of the Petition Date. For these reasons, the Court should find that cause exists to grant the relief requested by the Debtor.

14. No previous request for the relief sought herein has been made by the Debtor to this Court or any other court.

WHEREFORE, the Debtor respectfully requests the entry of an order substantially in the form of the attached proposed order granting the relief requested herein and such other and further relief as is just.

Dated: Astoria, New York
      August 7, 2017

                                                */s/Norma E. Ortiz*
                                                Norma E. Ortiz, Esq.
                                                Martha J. de Jesus, Esq.
                                                Ortiz & Ortiz, L.L.P.
                                                32-72 Steinway Street, Ste. 402
                                                Astoria, New York  11103
                                                Tel. (718) 522-1117
                                                *Attorneys for the Debtor*

**DECLARATION OF ANTOINETTE MODICA**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
In re                                                                          Chapter 11

PRIMA PASTA & CAFE, INC.,                                  Case No. 17-40760-ESS

                                   Debtor.
---------------------------------------------------------X

# **DECLARATION OF ANTOINETTE MODICH(?)**

      I, Antoinette Modica, being duly sworn state as follows:.

1. I am president of the above-captioned debtor in possession (the "Debtor').

2. I have reviewed the facts set forth in the accompanying Motion for Entry of Order Extending the Exclusive Period to File and Solicit Acceptances for a Plan of Reorganization Motion (the "Motion") and confirm that they are accurate and true.

      I declare, under the penalty of perjury, that the foregoing statements are accurate and true.

Dated: Queens, New York
           August 7, 2017

                                                          */s/Antoinette Modica*
                                                  Antoinette Modica, President

**PROPOSED ORDER**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X

In re                                                                    Chapter 11

PRIMA PASTA & CAFE, INC.,                              Case No. 17-40760-ESS

                              Debtor.

---------------------------------------------------------X

## ORDER GRANTING DEBTOR'S MOTION FOR AN ORDER EXTENDING ITS EXCLUSIVE PERIOD TO FILE AND SOLICIT ACCEPTANCES FOR A PLAN OF REORGANIZATION

Upon the motion (the "Motion") of the above-captioned debtor (the "Debtor"), as debtor and debtor in possession herein, by its attorneys, for an order pursuant to Section 1121(d) of the Bankruptcy Code extending the exclusive period within which only the Debtor may file a Chapter 11 plan and solicit acceptances thereto; and good and sufficient notice of the Motion having been given; and it appearing that no other or further notice need be provided; and after due deliberation and sufficient cause existing therefor; it is

**ORDERED**, that the Motion be, and it hereby is, granted to the extent provided below; and it is further

**ORDERED**, that the Debtor's exclusive period to file a plan pursuant to Section 1121 of the Bankruptcy Code be, and it hereby is, extended through and including November 20, 2017, and the Debtor's exclusive period for obtaining acceptances of such plan under Section 1121 of the Bankruptcy Code is extended through and including January 19, 2018; and it is further

**ORDERED**, that the extensions of the times provided herein are without prejudice to the Debtor's right to seek a further extension(s) of time under Section 1121 of the Bankruptcy Code upon proper motion and notice.

Dated: Brooklyn, New York
August \_\_\_\_, 2017

_____
HON. ELIZABETH S. STONG
U.S. BANKRUPTCY JUDGE